IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sean Washington, #337465, | ) CIVIL ACTION NO. 9:16-3218-RMG-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| RN Pratt, RN Stokes, C/O McDaniels, RN Montgomery and Sgt. Colcough, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983.[1] Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants have filed motions to dismiss asserting that Plaintiff's claims are barred by the applicable statute of limitations. The Defendants Stokes, McDaniels and Colcough further assert that they are entitled to dismissal as party Defendants because they were never properly served with the summons and complaint. As the Plaintiff is proceeding pro se, a Roseboro order was

---

[1] 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).



1

entered by the Court on February 27, 2017, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motions may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the Defendants' motions on March 6, 2017.

The Defendants' motions are now before the Court for disposition.[2]

**Allegations of the Complaint**

Plaintiff alleges that the Defendants McDaniels and Colcough are correctional officers at the Lee Correctional Institution in Bishopville, South Carolina, where he was apparently housed at the time of the incidents set forth in the Complaint.[3] The Defendants Pratt, Stokes and Montgomery are all alleged to be registered nurses at the prison, with Stokes being the head nurse.

Plaintiff alleges that Stokes saw him in the medical facility at the prison and stated that Plaintiff's medical attention was adequate, although she recommended that Plaintiff's medication be switched without telling Plaintiff why or giving him a logical explanation. Plaintiff further alleges that Pratt, Colcough and McDaniels are the ones who escorted him to medical, and that when he got to medical he was told by Montgomery that in order for him to be seen by the doctor an officer has to "witness". Plaintiff alleges that Colcough said that he knows when someone is "faking", and that no one else said anything to Colcough or to Montgomery in response because Colcough was the high ranking officer, even though Montgomery took his blood pressure and said

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]The docket reflects that Plaintiff is currently housed at the Evans Correctional Institution in Bennettsville, South Carolina.



it was "very high". Plaintiff alleges that Stokes was the head nurse when his meds were switch "without any reason", even though she continued state that Plaintiff's medical attention was adequate.

Plaintiff alleges that these events occurred on October 13, 2012, at which time he was taking Dilantin for seizures. Plaintiff alleges that he had previously been taking Topamax, but that he had been switched to Dilantin in January or February 2012. Plaintiff alleges he was told that "Dilantin was the same as Topamax". Even so, Plaintiff alleges that in June 2012 he had a seizure, but that even though he asked to be switched back to Topamax, "nothing was done". Plaintiff alleges that the Defendants' failure to switch him back to Topamax or to allow him to see a physician violated his constitutional right to adequate medical care.

Plaintiff alleges that he filed a Step 1 grievance concerning his medical care, but that he did not get a response back to his grievance until February 5, 2014. Plaintiff alleges this response stated that all of Plaintiff's issues had been "resolved" because his medications had been switched back. Plaintiff alleges that after he received his Step 1 grievance response on February 5, 2014, he filed a Step 2 grievance on March 7, 2014, but that he did not get a copy of this grievance back until October 23, 2015, "3 years after the incident". Plaintiff seeks monetary damages for a violation of his constitutional rights. See generally, Plaintiff's Complaint.

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

3



Additionally, the Federal Court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); and as the Plaintiff is proceeding <u>pro se</u>, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts to support a federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't. of Social Services</u>, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the Defendants' motions in conjunction with the applicable caselaw, the undersigned concludes for the reasons set forth hereinbelow that the Defendants are entitled to dismissal of this case.

Defendants assert that Plaintiff's claims are barred by the applicable statute of limitations. The statute of limitations for a § 1983 claim arising in South Carolina is three years. <u>See</u> S.C.Code Ann. § 15-3-530(5) [setting forth that the statute of limitations for personal injury claims is three years]; <u>Owens v. Okure</u>, 488 U.S. 235, 245 (1989) [holding that the applicable statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is the "general or residual statute of limitations governing personal injury actions"]; <u>see also</u> <u>Garrett v. Elko</u>, No. 95-7939, 1997 WL 457667, at * 4, n. 2 (4th Cir. 1997) (Williams, K., dissenting) [holding that the applicable statute of limitations for a claim brought pursuant to § 1983 is the analogous state statute of limitations], citing <u>Wilson v. Garcia</u>, 471 U.S.261, 266-269 (1985); <u>cf</u>. <u>Hoffman v. Tuten</u>, 446 F.Supp.2d 455, 459 (D.S.C. 2006). Therefore, in order for Plaintiff's § 1983 claims to be timely, they must have been filed within three years of the date those claims accrued.

The accrual date is determined by federal law. <u>Wallace v. Kato</u>, 549 U.S. 384 (2007).

4



Under federal law, accrual occurs when the Plaintiff has a complete and present cause of action; that is, when the Plaintiff can file suit and obtain relief. Id. See also Lekas v. United Airlines, Inc., 282 F.3d 296, 299 (4th Cir. 2002) [holding that "a cause of action accrues when it come[s] into existence as a legally enforceable claim"] (internal quotations omitted ). Defendants argue that Plaintiff's claim is barred by the applicable three year statute of limitations because his claim accrued in October 2012, while Plaintiff did not file this lawsuit until September 2016, almost four years later. However, in making this argument, Defendants fail to consider or address the allegations of Plaintiff's complaint relating to exhaustion of his prison administrative remedies, which is a requirement before a prison inmate can file a § 1983 lawsuit in federal court. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies].

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Plaintiff therefore first had to exhaust his administrative remedies before he could file his lawsuit. See Porter v. Nussle, 534 U.S. 516 (2002) [exhaustion required for all actions brought with respect to prison conditions]. Because Plaintiff is required to exhaust his administrative remedies prior to filing his lawsuit pursuant to § 1983,

> it is very probable that the Fourth Circuit would likely find that the three year statute of limitations governing § 1983 actions would be tolled during the time period that an inmate-plaintiff was statutorily required to exhaust his or her administrative remedies. [Gunnels v. Goodman, No. 14-1978-MGL, 2016 WL 768845, at * 1



(D.S.C. Feb. 29, 2016).]<sup>4</sup>

King v. McPherson, No. 15-2358, 2016 WL 4523465, at * 4 (D.S.C. Aug. 29, 2016). See also see also Saucillo v. Samuels, No. 12-240, 2013 WL 360258, at * 2 (D.S.C. Jan 30, 2013); Kelly v. White, No. 12-240, 2011 WL 939015, at * 3 (D.S.C. Mar. 16, 2011). Therefore, giving Petitioner the benefit of assuming that tolling would apply, the issue becomes when did the tolling expire. The Courts in this District that have considered this question have all agreed that "[t]he tolling time only extends until the date on which the inmate-plaintiff is due a final response, as opposed to when prison officials actually respond to said grievance." King v. McPherson, No. 15-2358, 2016 WL 4523465, at * 4 (citing Gunnels, 2016 WL 768845, at * 2); see also Kelly v. White, No. 12-240, 2011 WL 939015, at * 3 (D.S.C. Mar. 16, 2011).

The Court in Kelly held that inmates are due a final response from the SCDC within 114 days, while the Court in King applied a 180 day final response time. However, whether applying the 114 day tolling time period allowed in Kelly or the more generous 180 day tolling time period allowed in King v. McPherson to the three year statute of limitation in this case, since Plaintiff had notice of his cause of action on October 13, 2012; cf. Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) ["[F]or purposes of a § 1983 claim, a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice – e.g., by the knowledge of the fact of his claim or when he is put on notice - - e.g., by the knowledge of the fact of injury and who caused it – to make reasonable inquiry would reveal the existence of a

---

<sup>4</sup>The Fourth Circuit has not yet spoken on how the state tolling statute works in conjunction with § 1997 (e)'s requirement of exhaustion of administrative remedies of § 1983 claims. However, other circuits have found that the statute of limitations is tolled where an inmate files a grievance within the prison concerning an incident giving rise to a § 1983 claim. See Flowers v. Phelphs, 514 Fed.Appx. 100, n. 1 (3d Cir. 2013); Gonzalez v. Hasty, 651 F.3d 318, 324-325 (2d Cir. 2011).

6



colorable claim."]; and he filed his grievance shortly thereafter,[5] even adding 114 or 180 days to that date, the time for Plaintiff to file this action expired well prior to Plaintiff filing this action on September 23, 2016.[6] King, 2016 WL 4523465, at * 4; Kelly, 2011 WL 939015, at ** 2-3.[7] Furthermore, the undersigned is constrained to note that even though Plaintiff alleges that he did not ultimately receive a final decision on his grievance until October 23, 2015, he still waited almost another year prior to filing this action. See Complaint.

Accordingly, Plaintiff failed to timely file this action, and it is therefore subject to dismissal.

**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motions to dismiss be **granted**, and this case **dismissed.**

---

[5]Plaintiff alleges simply that he filed his grievance in "2012", without supplying a date. However, Plaintiff was required to initiate the SCDC grievance procedure within eight (8) working days of the incident. See SCDC Inmate Grievance System Procedures, GA-01.12 (May12, 2014), Nos. 13.1 through 13.10 [Found at www.doc.sc.gov/pubweb/policy/GA-01-12.htm1471298422889.pdf.]. See Hall v. Virginia, 385 F.3d 421, 423 at n. 3 (4th Cir. Sept. 22, 2004) [Taking judicial notice of information publicly available on official government website]; see also Branton v. Ozmint, No 08-2306, 2009 WL 1457144, at * 2 (D.S.C. May 22, 2009); Jones v. Kay, No. 07-3480, 2007 WL 4292416, at * 5 (D.S.C. Dec. 5, 2007); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563, at * 5 (D.S.C. Apr. 18, 2006).

[6]Since the delivery date to the prison mail room is not evident on the envelope, the undersigned has used the date of the Complaint so as to give Petitioner the benefit of the doubt of the earliest possible filing date. Cf. Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[7]The fact that Plaintiff alleges he did not receive a final response to his grievance until October 23, 2015 does not save his claim. In Gunnells, the court specifically "depart[ed] from the Magistrate Judge's Report in its application of these principles to the instant case, and in its ultimate conclusion that the statute of limitations here was properly tolled until . . . the date on which prison officials, belatedly responded to Plaintiff's Step 2 grievance, as this finding would extend the length of tolling well beyond the time period during which Plaintiff was statutorily prohibited from filing this action." Gunnels, 2016 WL 768845, at * 2.

7



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 13, 2017
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



9